UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               Criminal Case No. 06-CR-083
                                Civil Case No.    17-CV-363

ROY W. SWANSON,

        Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

Roy Swanson was sentenced to fifteen years under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2) for possession of a firearm by a prohibited person. A Judgment of Conviction was entered on November 27, 2006. Swanson filed a motion on March 8, 2017 entitled "Motion for Release Pending Resentencing, or in the alternative, Motion for Resentencing Under A Writ of Audita Querela." The Court construed Swanson's motion as a second or subsequent petition to vacate his conviction under 28 U.S.C. § 2255, dismissed the petition for lack of jurisdiction, and referred the matter to the Federal Defender for this district to conduct a review and notify the Court whether he intends to pursue relief on Swanson's behalf. Presently before the Court is Swanson's motion for reconsideration of this Court's March 10, 2017 order. For the following reasons, Swanson's motion will be denied.

A motion for reconsideration serves a very limited purpose in federal civil litigation and should only be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Swanson

asserts the Court erred by construing his motion as a request to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Under Section 2255, a party may move the court which imposed the sentence to vacate, set aside, or correct the sentence where the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." This Court dismissed Swanson's petition on the grounds that he had previously raised the same or similar issue in a previous motion for postconviction relief and that Swanson must obtain a certification from the United States Court of Appeals for the Seventh Circuit in order to proceed with a second or subsequent petition.

"Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . . [T]he name makes no difference. It is the substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted). Swanson's motion clearly falls within the scope of § 2255—it seeks to set aside his sentence on the basis that the sentence was imposed in excess of the maximum authorized by law. Whether Swanson labeled his request as a motion for release pending resentencing or motion for resentencing under a writ of audita querela, the Court was nevertheless "obliged to dismiss it for want of jurisdiction because [Swanson] had not received [the Seventh Circuit's] permission to commence a second or successive collateral attack." *Id.*

The Court will also briefly address Swanson's claim for relief under 18 U.S.C. § 3143. Section 3143(b) empowers a court to release a prisoner pending appeal only if it finds (1) clear and convincing evidence the prisoner is not likely to flee or pose a danger to the community and (2) the

2

appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a favorable determination. However, "that statute is inapplicable to a convicted defendant who is seeking postconviction relief . . . . [T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decisions of their cases, but a power to be exercised very sparingly." *Cherek v. U.S.*, 767 F.2d 335, 337 (7th Cir. 1985) (internal citations omitted). Swanson "must show 'not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evidence case on the facts' . . . [and must] establish the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice." *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641 (E.D. Wis. 1994) (internal citations omitted).

As the Court noted in its March 10, 2017 order, Swanson's claim may have merit. However, Swanson has offered no evidence that makes his bail request exceptional and deserving of special treatment in the interest of justice. Indeed, Swanson must follow the same procedural rules as all other prisoners who believe their convictions under the Armed Career Criminal Act are now invalid due to *Mathis v. United States*, –U.S.–, 136 S. Ct. 2243 (2016). Following the Seventh Circuit's direction in *Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016), Swanson filed an independent claim under 28 U.S.C. § 2241 in the Southern District of Indiana. This Court also referred the matter to the Federal Defender for this district to conduct a review and determine whether he intends to pursue relief on Swanson's behalf. Accordingly, Swanson's request for release on bail is not exceptional and properly was denied.

In sum, the Court did not err by construing Swanson's motion as a petition to vacate, set aside or correct his sentence under § 2255. The Court properly dismissed Swanson's petition for

3

lack of jurisdiction. Swanson also was not entitled to release on bail under 18 U.S.C. § 3143. Swanson's motion for reconsideration therefore is **DENIED**.

Dated this   3rd   day of April, 2017.

                                       s/ William C. Griesbach
                                       William C. Griesbach, Chief Judge
                                       United States District Court